MCGREGOR W. SCOTT
United States Attorney
TANYA B. SYED
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-0197-WBS |
|---|---|
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| JAYSON FERNANDEZ BUTAY, | |
| Defendants. | |

Plaintiff United States of America ("government"), by and through its undersigned counsel of record, and defendant Jayson Fernandez Butay ("defendant"), by and through his undersigned counsel of record, hereby jointly request, pursuant to Federal Rule of Criminal Procedure 16(d)(1), Local Rule 141.1, and 18 U.S.C. §§ 3509(d)(3) and 3771(a), that the Court approve the parties' stipulation and enter the proposed protective order below ("Protective Order") governing the disclosure by the government of certain documents and materials containing private and sensitive information, including information that relates to and identifies the alleged victims in the investigation, along with any personally identifying information.  By this stipulation, the parties agree and stipulate as follows:

1. WHEREAS, the defendant is charged in the current indictment with one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

2. WHEREAS, the government possesses, and in the future may come into possession of,

discovery and other materials in this case that contain, among other things, information and statements about child victims and child witnesses as those terms are defined in the Child Victims' and Child Witnesses' Rights Act ("the Act"), 18 U.S.C. § 3509, as well as personally identifying information, private financial information, and employment information of the defendant and third parties;

3. WHEREAS, 18 U.S.C. § 3771(a)(8) requires that a crime victim's dignity and privacy be respected, and the Act (18 U.S.C. § 3509), requires that certain measures be taken to protect child victims' and child witnesses' privacy;

4. WHEREAS, the government wishes to produce and/or make available to the defendant and his counsel the documents and information described above, or similar material that might come into the government's possession in the future, but believes that because of the nature of such documents and information, it is appropriate for the Court to enter a protective order containing the provisions below;

5. WHEREAS, the parties agree that entry of a stipulated protective order is appropriate;

6. WHEREAS, the defendant has counsel who wishes the opportunity to review the discovery and other materials; and

7. WHEREAS, the parties agree that the ability of defense counsel to adequately advise her client will be enhanced by the approval of this protective order.

The government and the defendant, by and through their respective counsel of record, hereby agree and stipulate to a Protective Order with the following provisions:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, 18 U.S.C. §§ 3509(d)(3) and 3771(a), and its general supervisory authority.

2. Some materials to be provided or made available by the government to the defendant as discovery or out of an abundance of caution relate to, or contain private and sensitive information about, alleged victims and individuals other than the defendant, are not public information, and include, but are not limited to: descriptions of victims engaging in sexually explicit conduct, victim statements; recorded victim interviews; personally-identifying information; the name of a victim or child witness, the name of the victim's parents or other relatives, and any other information that could be used to

identify the victim.  Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination.  This information is collectively referred to as the "Protected Discovery."

3. The Protected Discovery produced or made available by the government pursuant to this Protective Order may be used by the defendant, the defendant's counsel, and any employees or agents of the defendant's counsel solely in the defense of this case and for no other purpose.  The Protected Discovery is now and will forever remain the property of the United States government.  The government's position is that defendant's counsel should be required to return the Protected Discovery to the government or certify that it has been shredded at the conclusion of the case.  The defendant's position is that if defendant's counsel believes she is subject to an ethical rule or opinion requiring retention of the Protected Discovery, she should be permitted to notify the government of that decision and securely maintain that Protected Discovery consistent with the remaining terms of the Protective Order.  The parties intend to ask the court to resolve this issue.

4. The defendant may view all of the Protected Discovery in the presence of defense counsel or other authorized persons as specified as bound by this protective order  but may not retain a copy or otherwise disseminate the contents of the Protected Discovery.  Should defense counsel provide the defendant with a copy of discovery, defense counsel shall first redact any Protected Discovery as described and defined in this Protective Order, including in Section 2 above.

5. The defendant's counsel and the defendant shall not disclose any of the Protected Discovery directly or indirectly to any person except those assisting the defense, persons who are interviewed as potential witnesses, potential experts, or other authorized persons, during the course of the investigation and defense of this case.

6. When providing the Protected Discovery materials to an authorized person, the defendant's counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order, must provide a copy of the Protective Order.  Defense counsel shall not provide the Protected Discovery or copies of the Protected Discovery to the defendant or any other witness, except for the limited situations identified in this Order.  Defense counsel shall inform defense investigators and support staff that they may not provide the Protected Discovery to the defendant or any

other witness, except for the limited situations identified in this Order.  Defense counsel shall maintain a list of every person who has been authorized to review and/or receive Protected Discovery.  Each such authorized person, prior to reviewing and/or receiving any Protected Discovery, shall sign a copy of this Protective Order agreeing that such person has received, reviewed, and understands the Protective Order.

7. The Protected Discovery produced by the government shall not be copied or reproduced unless the material is copied or reproduced for authorized persons to assist in the defense, and in the event copies are made, the copies shall be treated in the same manner as the original material.  If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel shall ensure that the following notation is inscribed on each copy or incorporated onto electronic files: "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."  Electronic files shall be encrypted.

8. The defendant's counsel shall store the discovery in a secure place and shall use reasonable care to ensure that it is not disclosed to third persons in violation of the Protective Order or in violation of 18 U.S.C. § 3509(d).

9. In the event that the defendant obtains substitute counsel, the defendant's undersigned counsel agrees to withhold the Protected Discovery materials from new counsel unless and until substituted counsel agrees to be bound by the Protective Order.

10. The defendant's counsel shall be responsible for advising her client, employees, and other members of the defense team of the contents of this Stipulation and the Protective Order.

11. The parties agree to abide by 18 U.S.C. § 3509(d)(2) with regard to court filings.  Pursuant to 18 U.S.C. § 3771(a), the name of any crime victim shall be redacted in any public court filing.

12. Nothing in this Protective Order shall preclude a party from seeking a more or less restrictive protective order or other court order with regard to particular discovery items.

13. Nothing in this Protective Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

14. Nothing in this Protective Order shall be construed to affect the application or and the

parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

15. With respect to computer materials alleged to contain child pornography:

   a. Upon request, the Federal Bureau of Investigation agents shall make a duplicate copy of the defendant's hard drives and any other storage media available for defense analysis;

   b. The duplicate copies of the defendant's hard drives and storage media shall be made available for defense counsel, defense counsel staff, or another member of the defense team, and the defendant's proposed computer experts to review at the Federal Bureau of Investigation offices in Roseville, California, for the purpose of preparing for the defense of the above-entitled action. The images on the hard drive and storage media shall not be viewed by any other person;

   c. A private room will be provided for the defense examination. No Government agents will be inside the room during the examination, unless requested by the defense attorney or investigator or expert;

   d. The expert or defense counsel will be permitted to bring whatever equipment, books, or records he or she believes may be necessary to conduct the examination;

   e. Neither the defense expert nor defense attorneys nor the defense counsel staff shall remove the hard drive(s) or other storage media from the confines of the law enforcement office;

   f. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert or defense counsel may copy files or portions of files, provided the forensic integrity of the hard drive(s) is not altered. The expert or defense counsel will certify in writing (using the attached certification) that he or she has taken no materials which would be considered child pornography, or data capable of being converted into child pornography (under federal law), and that he or she has not caused any child pornography to be sent from the law enforcement premises by any means including by any electronic transfer of files;

g. If a defense expert or defense counsel fails to provide this certification, a Government agent, or any person connected with the Government, may seize the items used by the expert or defense counsel in order to conduct the defense analysis pursuant to this Section 15 to ensure that prohibited child pornography is not removed or disseminated.  No Government agent, or any person connected with the Government, may examine any of these items  unless a subsequent court order is issued permitting such an examination;

h. When the defense indicates that it is finished with its review of the copy of the hard drives, the drives or other storage devices shall be "wiped" clean; and

IT IS SO STIPULATED.

Respectfully submitted,

Dated:  January 19, 2020                     McGREGOR W. SCOTT
                                             United States Attorney

                                        By:  /s/ Tanya B. Syed
                                             TANYA B. SYED
                                             Assistant United States Attorney

Dated:  January 19, 2020                By:  /s/ Kresta Daly
                                             KRESTA DALY
                                             Attorney for JAYSON FERNANDEZ BUTAY

## ORDER

The Court has reviewed the parties' proposed Stipulation and Protective Order and, for good cause shown, HEREBY ORDERS that the parties' proposed Stipulation and Protective Order is APPROVED with the above-stated terms.

IT IS SO ORDERED.

Dated: January 19, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATION

I, _____, certify under penalty of perjury that I have not copied or removed any images of child pornography or data capable of being converted into images of child pornography, or caused the same to be transferred electronically (or by any other means) to any other location, during the course of my review of the evidence in this case.

Date: _____        _____