PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00197-WBS |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| JAYSON FERNANDEZ BUTAY, | |
| Defendant. | |

## I.   **INTRODUCTION**

### A.   **Scope of Agreement**

Count One and Count Two of the superseding information in this case each charge the defendant with producing child pornography, in violation of 18 U.S.C. § 2251(a).  Count Three of the superseding information in this case charges the defendant with possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

///

///

**B.**   <u>**Court Not a Party**</u>

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of the defendant, including activities which may not have been charged in the superseding information.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

**II.**   <u>**DEFENDANT'S OBLIGATIONS**</u>

**A.**   <u>**Guilty Plea**</u>

The defendant will plead guilty to Count One and Count Three of the superseding information.  The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Guilty Pleas attached hereto as Exhibit A (the "factual basis") are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his pleas should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this agreement.  The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this agreement generally.

///

///

1.    <u>Waiver of Indictment</u>

The defendant acknowledges that under the United States Constitution he is entitled to be indicted by a grand jury on the charges to which he is pleading guilty.  The defendant also acknowledges that, pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges set forth in the superseding information.  The defendant agrees that at a time set by the Court, he will sign a written waiver of prosecution by indictment and consent to proceed by superseding information rather than by indictment.

**B.    <u>Restitution</u>**

The defendant agrees that the conduct to which he is pleading guilty requires him to pay mandatory restitution to any victims of his offenses, pursuant to 18 U.S.C. § 2259.  The defendant agrees to pay the full amount of restitution to all victims affected by his offenses, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of this plea agreement, and other victims as a result of the defendant's conduct for the offenses charged from the periods of April 2019 through October 2020.  The defendant understands that this includes restitution of no less than $3,000 for each such victim who makes a claim and where the government establishes loss and causation.  *See* 18 U.S.C. § 2259(b)(2)(B), (c)(3).  Either party may request a restitution hearing should they disagree about loss amount or causation.

Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.  The defendant agrees that all criminal monetary penalties imposed by the Court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government.  The defendant agrees that any payment schedule or plan set by the Court is merely a minimum and does not foreclose the government from collecting all criminal monetary penalties at any time through all available means.  The defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.  The defendant shall not sell, encumber, transfer, convey, or otherwise dispose of any of his assets without prior written consent of the United States Attorney, except that the defendant may sell, transfer, or convey personal property (including used vehicles and personal items, but not financial instruments, ownership interests in business entities, or real property) with an aggregate value of less than $5,000.

**C.**   <u>Fine</u>

The parties agree that no fine is appropriate in this case.

**D.**   <u>Special Assessments</u>

The defendant agrees to pay special assessments as ordered by the Court at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office ("Probation").  The defendant agrees that the total amount of special assessments he could be ordered to pay could include the following:

1.   A mandatory special assessment of $100 on each of Count One and Count Three of the superseding information, pursuant to 18 U.S.C. § 3013;

2.   A mandatory special assessment of $5,000 on each of Count One and Count Three of the superseding information, pursuant to 18 U.S.C. § 3014, if the Court determines that the defendant is a non-indigent person under that section;

3.   A discretionary special assessment of up to $50,000 on Count One of the superseding information, pursuant to 18 U.S.C. § 2259A(a)(3); and

4.   A discretionary special assessment of up to $17,000 on Count Three of the superseding information, pursuant to 18 U.S.C. § 2259A(a)(1).

The defendant and the government reserve the right to present arguments to Probation and to the Court regarding the appropriate amount of the special assessments to be imposed under 18 U.S.C. § 2259A.  If the defendant is unable to pay any special assessments ordered by the Court at the time of sentencing, he agrees to earn the money to pay the assessments, if necessary by participating in the Inmate Financial Responsibility Program.

**E.**   <u>Violation of Plea Agreement by Defendant/Withdrawal of Pleas</u>

If the defendant violates this plea agreement in any way, withdraws his pleas, or tries to withdraw his pleas, this plea agreement is voidable at the option of the government.  If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.

///

A defendant violates the plea agreement by (i) committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing proceeding in this case; or (ii) engaging in any post-plea conduct constituting obstruction of justice.  Varying from stipulated application of the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines") or agreements regarding arguments as to 18 U.S.C. § 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement.  In the case of a violation of the plea agreement, the government shall have the right (i) to prosecute the defendant on any of the counts to which he pleaded guilty, (ii) to reinstate any counts that may be dismissed pursuant to this plea agreement, and (iii) to file any new charges that would otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision.  Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions.  The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitations or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.  The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant.  The defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the

1  defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.  By

2  signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

3      **F.    Forfeiture**

4      The defendant agrees to forfeit to the United States voluntarily and immediately all of his right,

5  title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a).  Those assets

6  include, but are not limited to, the following:

7      1.    ASUS Laptop, Model GL502V, Serial Number: H2N0CV099029072; and

8      2.    Galaxy Note Cell Phone, Model SM-N960U, IMEI: 359988090071310.

9      The defendant agrees that the listed assets constitute property that was used or intended to be

10  used to commit and to promote the commission of violations of 18 U.S.C. §§ 2251(a) and 2252(a)(4)(B).

11      The defendant agrees to fully assist the government in the forfeiture of the listed assets and to

12  take whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell,

13  transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed

14  assets.

15      The defendant agrees not to file a claim to any of the listed property in any civil proceeding,

16  administrative or judicial, which may be initiated.  The defendant agrees to waive his right to notice of

17  any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a

18  claim in that forfeiture proceeding.

19      The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of

20  assets, and all constitutional, legal, and equitable defenses to the forfeiture of these assets in any

21  proceeding.  The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or

22  defense under the Eighth Amendment to the United States Constitution, including any claim of

23  excessive fine, to the forfeiture of the assets by the United States, the State of California, or its

24  subdivisions.  The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any

25  defenses or defects that may pertain to the forfeiture.

26      **G.    Asset Disclosure**

27      The defendant agrees to make a full and complete disclosure of his assets and financial

28  condition, and will complete the United States Attorney's Office's "Authorization to Release

Information" and "Financial Disclosure Statement" within three weeks from the entry of the defendant's guilty pleas, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's Office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above. The defendant expressly authorizes the United States to immediately obtain a credit report to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court. The defendant also authorizes the government to inspect and copy all financial documents and information held by Probation.

### III.   **THE GOVERNMENT'S OBLIGATIONS**

**A.   Dismissals/Other Charges**

The government agrees to move, at the time of sentencing, to dismiss Count Two of the superseding information without prejudice. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in sections II.E, VI.B, and VII.B herein.

**B.   Recommendations**

1.   Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range (including the application of the mandatory statutory minimum term) as determined by the Court.

2.   Acceptance of Responsibility

The government will recommend a 2-level reduction (if the offense level is less than 16) or a 3-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the presentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G. § 3C1.1, either in the preparation of the presentence report or during the sentencing proceeding.

**C.**   **Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments made by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty.  As to Count One of the superseding information, which charges the defendant with violating 18 U.S.C. § 2251(a):

1.   First, on or around April 22, 2019, Minor Victim 1 was under the age of eighteen years;

2.   Second, on or around April 22, 2019, the defendant used, persuaded, or coerced Minor Victim 1 to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

3.   Third, the visual depiction was actually transported or transmitted across state lines or in foreign commerce using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

As to Count Three of the superseding information, which charges the defendant with violating 18 U.S.C. § 2252(a)(4)(B):

1.   First, the defendant knowingly possessed matters that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

2.   Second, the defendant knew the visual depictions contained in the matters were of minors engaged in sexually explicit conduct;

3.   Third, the defendant knew that production of such visual depictions involved use of a minor engaged in sexually explicit conduct; and

4.   Fourth, the visual depictions had been produced using material that had been mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate commerce by any means, including by computer.

PLEA AGREEMENT                                           8

The defendant fully understands the nature and elements of the crimes charged in the superseding information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.   MAXIMUM SENTENCE

### A.   Maximum Penalty

The maximum sentence that the Court can impose on Count One of the superseding information is imprisonment for thirty years with a mandatory minimum of imprisonment for fifteen years, a fine of $250,000, a period of supervised release of at least five years and up to life, and special assessments of up to $55,100.  The maximum sentence that the Court can impose on Count Three of the superseding information is imprisonment for ten years, a fine of $250,000, a period of supervised release of at least five years and up to life, and special assessments of up to $22,100.

By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct.  The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which he is pleading guilty.  The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.   Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to three additional years of imprisonment.  The defendant understands that in certain circumstances, when a defendant is required to register as a sex offender and then commits certain other federal sex offenses, a district court may revoke the defendant's supervised release and require the defendant to serve at least an additional five years of imprisonment.  18 U.S.C. § 3583(k).  Such a revocation requires a finding by a jury, however, not by a judge.  *United States v. Haymond*, 139 S. Ct. 2369 (2019).

///

///

///

## VI.    SENTENCING DETERMINATION

### A.    Statutory Authority

The defendant understands that the Court must consult the Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Guidelines and must take that into account when determining a final sentence.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B.    Estimated Guidelines Calculation

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables.  These estimates shall not be binding on the Court, Probation, or the parties:

1.    Count One of the Superseding Information

1.    Base Offense Level:  32, pursuant to U.S.S.G. § 2G2.1(a), because the defendant will plead guilty to a violation of 18 U.S.C. § 2251(a).

2.    Specific Offense Characteristics:

a)    +2 levels, pursuant to U.S.S.G. § 2G2.1(b)(1)(B), because Minor Victim 1 was fifteen years old at the time the defendant produced visual depictions of her engaging in sexually explicit conduct;

b)    +2 levels, pursuant to U.S.S.G. § 2G2.1(b)(6), because the defendant used Snapchat to persuade Minor Victim 1 to produce visual depictions of herself engaging in sexually explicit conduct.

///
///

2. Count Three of the Superseding Information

1. Base Offense Level: 18, pursuant to U.S.S.G. § 2G2.2(a)(1), because the defendant will plead guilty to a violation of 18 U.S.C. § 2252(a)(4)(B).

2. Specific Offense Characteristics:

   a) +2 levels, pursuant to U.S.S.G. § 2G2.2(b)(2), because numerous image and video files seized from the defendant's electronic devices depicted prepubescent minors engaging in sexually explicit conduct;

   b) +4 levels, pursuant to U.S.S.G. § 2G2.2(b)(4), because video files seized from the defendant's ASUS laptop depicted the sexual exploitation of toddlers;

   c) +2 levels, pursuant to U.S.S.G. § 2G2.2(b)(6), because the defendant possessed child pornography on his ASUS laptop;

   d) +5 levels, pursuant to U.S.S.G. § 2G2.2(b)(7)(D), because the defendant possessed at least twelve video files depicting children engaged in sexually explicit conduct.

3. Chapter Three Adjustments and Criminal History Calculation

1. Acceptance of Responsibility: See section III.B.2. above.

2. Criminal History: The parties agree that the defendant's criminal history will be determined by the Court.

**C.     Guideline Sentencing Recommendations**

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a). The government agrees to recommend a sentence at the low end of the applicable guideline range, including the application of the mandatory statutory minimum term, as determined by the Court.

## VII.     WAIVERS

**A.     Waiver of Constitutional Rights**

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (i) to plead not guilty and to persist in that plea if already made; (ii) to be tried by a jury; (iii) to be assisted at trial by an attorney, who would be appointed if necessary; (iv) to pursue any affirmative

1  defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of

2  conviction, and other pretrial motions that have been filed or could be filed; (v) to subpoena witnesses to

3  testify on his behalf; (vi) to confront and cross-examine witnesses against him; and (vii) not to be

4  compelled to incriminate himself.

5        **B.**    **Waiver of Appeal and Collateral Attack**

6       The defendant understands that the law gives the defendant a right to appeal his guilty pleas,

7  convictions, and sentence.  The defendant agrees as part of his pleas, however, to give up the right to

8  appeal the guilty pleas, convictions, and the sentence imposed in this case.  The defendant understands

9  that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the

10  defendant's convictions and guilty pleas, including arguments that the statutes to which the defendant is

11  pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this

12  agreement is insufficient to support the defendant's pleas of guilty.  The defendant specifically gives up

13  the right to appeal any order of restitution the Court may impose.

14       Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if

15  one of the following circumstances occurs:  (i) the sentence imposed by the Court exceeds the statutory

16  maximum; and/or (ii) the government appeals the sentence in the case.  The defendant understands that

17  these circumstances occur infrequently and that in almost all cases this agreement constitutes a complete

18  waiver of all appellate rights.  In addition, regardless of the sentence the defendant receives, the

19  defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255

20  or § 2241, challenging any aspect of the guilty pleas, convictions, or sentence, except for non-waivable

21  claims.

22       Notwithstanding the government's agreements in section III.A above, if the defendant ever

23  attempts to vacate his pleas, dismiss the underlying charges, or modify or set aside his sentence on any

24  of the counts to which he is pleading guilty, the government shall have the rights set forth in section II.E

25  above.

26        **C.**    **Impact of Plea on Defendant's Immigration Status**

27       The defendant recognizes that pleading guilty may have consequences with respect to his

28  immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes

are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charges to which the defendant is pleading guilty are aggravated felonies, or crimes that are likely to be determined to be aggravated felonies under 8 U.S.C. § 1101(a)(43), and that while there may be arguments that the defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that the defendant will be removed if he is not a citizen of the United States.

Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is his automatic removal from the United States.

**D.   <u>Sex Offender Registration</u>**

The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, and that he shall notify the state sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information.

The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in California following release from prison, he will be subject to the registration requirements of section 290 of the California Penal Code. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by his probation

officer.  The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.  The defendant shall provide proof of registration to his probation officer within seventy-two hours of release from imprisonment.

### VIII.    ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:  12 Feb 2024

_____
KRESTA DALY
Attorney for Defendant

### B.   Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the United States Sentencing Commission Guidelines Manual that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated:  12 Feb 2024

_____
JAYSON FERNANDEZ BUTAY
Defendant

### C.   Attorney for United States

I accept and agree to this plea agreement on behalf of the government.

Dated:  2/12/24

PHILLIP A. TALBERT
United States Attorney

_____
SAM STEFANKI
Assistant United States Attorney

PLEA AGREEMENT                                    15

**EXHIBIT A**
**Factual Basis for Guilty Pleas**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

In April 2019, defendant Jayson Fernandez Butay was an adult residing in Sacramento, California, and Minor Victim 1 was a fifteen-year-old girl residing in Finland.

On or around April 21, 2019, Butay and Minor Victim 1 corresponded with one another via Snapchat, which is an application that allows users to communicate over the internet using their mobile cellular devices. During their Snapchat correspondence, Butay induced Minor Victim 1 to send him images of herself naked. Minor Victim 1 did so using Snapchat. Once he received these images of Minor Victim 1, Butay used Snapchat to tell Minor Victim 1 that he had discovered her true identity and the true identities of her family and friends, and that he would send the nude images of Minor Victim 1 to her family and friends unless she complied with his further demands. Butay then demanded that Minor Victim 1 create and send him video recordings of herself masturbating, calling herself his "slave" and his "slut," and saying how much she "wanted it."

Minor Victim 1 believed that if she did not produce and send Butay the sexually explicit video recordings that he demanded, Butay would disseminate the nude images she had previously sent him. Hence, on or around April 22, 2019, and in response to Butay's threats and coercion, Minor Victim 1 used Snapchat to create and send Butay video recordings of herself engaging in sexually explicit conduct. At least one video recording that Minor Victim 1 created and sent to Butay in response to his threats depicted Minor Victim 1 masturbating.

On or around October 8, 2020, federal law enforcement agents executed a search warrant at Butay's residence in Sacramento. Agents seized and subsequently searched various electronic devices belonging to Butay that were manufactured outside the United States, including (i) an ASUS laptop bearing serial number H2N0CV099029072, and (ii) a Samsung Galaxy Note cellular device bearing IMEI number 359988090071310. On Butay's laptop, agents located at least twelve video files depicting children and toddlers being forced to engage in sexually explicit conduct, including video files named, "baby-rape-cry.mp4," "toddler-rape-anal.mp4," and "4yo-rape-cry.mp4." On Butay's Galaxy Note, agents located hundreds of files depicting the sexual exploitation of children.

*****

I, Jayson Fernandez Butay, have carefully reviewed the above factual basis for my pleas and I understand it. I agree that all the facts set forth therein are true and correct as it concerns my conduct.

Dated: 12 Feb 2024                 _____
                                    JAYSON FERNANDEZ BUTAY
                                    Defendant

PLEA AGREEMENT                      A-1